COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DORIAN KYLE SERMON, | § | |
| | | No. 08-20-00071-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 383rd District Court |
| MARISOL HERNANDEZ, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#2018DCM0750) |
| | § | |

## **O P I N I O N**

Dorian Kyle Sermon ("Sermon"), *pro se*, appeals from a protective order entered against him by default. We affirm.

## **BACKGROUND**

Appellee, Marisol Hernandez ("Hernandez"), filed an Application for Protective Order against Sermon on January 28, 2020, based on stalking and domestic violence pursuant to Article 7A of the Texas Code of Criminal Procedure and Title 4 of the Texas Family Code. *See* TEX.CODE CRIM.PROC.ANN. art. 7A.03; TEX.FAM.CODE ANN. Title 4. Sermon was personally served with the Notice of Hearing and Application for Protective Order ("application") on January 31, 2020, notifying him of the time and place he was to appear on February 11, 2020 for the hearing on the

application. The issuance, service, and return of citation are included in the record before us. Sermon failed to appear at the hearing.

At the hearing on February 11, 2020, Hernandez testified Sermon had elbowed her in the face; kicked her; followed her repeatedly at their daughter's school asking to get back together with him; secretly recorded videos of them having sexual intercourse then sent them to friends and Hernandez' then-current boyfriend; and tried to use their daughter to get back together with her by grabbing their daughter by the hair and then cutting it in front of Hernandez; and taking their daughter to Mexico without Hernandez' consent. Hernandez testified she believed Sermon would continue this behavior without a protective order. She believed Sermon is capable of further harm to their daughter without a protective order and suspension of visitation. Hernandez filed a police report regarding the sex videos and Sermon was "picked up on those charges on January 21st, 2020." Following Hernandez' testimony, the court found it had jurisdiction over the subject matter and parties, Hernandez was a victim of stalking, domestic violence had occurred, and domestic violence was likely to occur again in the future. By default judgment, the court granted a protective order for two years against Sermon on stalking and domestic violence grounds and ordered Sermon to have no visitation with his daughter for the duration of the protective order and until further order of the court.

On March 2, 2020, Sermon timely filed his Notice of Appeal and Motion to Appeal the default judgment. In his Motion for Appeal, he argues he was prevented from attending the hearing due to his incarceration, there is insufficient evidence or no evidence of stalking and family violence, and the trial court erred in applying the law to the facts. He does not take issue with the

2

service of process or notice for the hearing. Sermon did not file any other requests or motions after the hearing.

## DISCUSSION

In his one-paragraph brief, Sermon asserts the allegations are false and defamatory and requests a hearing in which each party can be heard. We construe his argument as an attack on the legal and factual sufficiency of the evidence supporting the judgment.

### Legal and Factual Sufficiency

To determine legal and factual sufficiency, this Court considers all the evidence in the record in a light most favorable to the trial court's judgment. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 156 (Tex. 2014); *City of Keller v. Wilson*, 168 S.W.3d 802, 810-11, 822 (Tex. 2005). We are to set aside the trial court's decision only if there is no evidence of a vital fact or only a mere scintilla of evidence of a vital fact supporting the trial court's findings and it is contrary to the weight of all the evidence. *Waste Mgmt. of Tex., Inc.*, 434 S.W.3d at 156; *City of Keller*, 168 S.W.3d at 810. Even where we may reasonably disagree, this Court must defer to the trial court's determination of witness credibility and weight of the evidence. *City of Keller*, 168 S.W.3d at 822.

The trial court's determination that Hernandez was a victim of stalking was based on more than a mere scintilla of evidence. Specifically, Hernandez testified to Sermon having followed her repeatedly at their daughter's school asking to get back together with him, having secretly recorded videos of them having sexual intercourse then sent them to friends and Hernandez' boyfriend, and having tried to use their daughter to try to get back together with her by grabbing their daughter

3

by the hair and then cutting it in front of Hernandez and taking their daughter to Mexico against Hernandez' will.

The trial court's determination that family violence occurred in the past and was likely to occur again in the future was similarly based on more than a mere scintilla of evidence. Specifically, Hernandez testified that Sermon had elbowed her in the face, kicked her, secretly recorded videos of them having sexual intercourse then sent them to friends and Hernandez' boyfriend, and grabbed their daughter by the hair. Hernandez testified that she believed Sermon would continue his behavior toward her without a protective order and Sermon would do worse to their daughter without a protective order and suspension of visitation. Upon finding reasonable grounds to believe Hernandez was a victim of stalking or that family violence occurred and was likely to occur again in the future, the trial court was required by law to issue a protective order. TEX.FAM.CODE ANN. § 85.001(a)-(c); TEX.CODE CRIM.PROC.ANN. art. 7A.03 (Note that Article 7A.03 was repealed by Acts 2019, 86th Leg., ch. 469 (H.B. 4173), § 3.01(2), *eff.* Jan. 1, 2021. *See*, now, TEX.CODE CRIM.PROC.ANN. art. 7B.003, *eff.* Jan. 1, 2021 (non-substantive revision)). The trial court had the legal authority to render a protective order binding against Sermon because the record contains proof that he was served with the application and notice of the hearing. TEX.FAM.CODE ANN. § 85.006(a). The fact that Sermon was not present at the hearing due to his incarceration did not in any way diminish the trial court's authority, as the burden was on Sermon to either attend the hearing or cause an attorney to appear on his behalf. *See*, *e.g.*, *Johnson v. Simmons*, 597 S.W.3d 538, 540 (Tex.App.—Fort Worth 2020, pet. denied).

Even if this Court were to entertain Sermon's contention that the allegations against him were false, we must defer to trial court—as the trier of fact—in terms of its determination of

witness credibility and weight accorded to the evidence at the hearing. *City of Keller*, 168 S.W.3d at 822. It is not for this Court to question Hernandez' credibility, but only to question whether the trial court's determinations were legally and factually sufficient. As explained above, sufficient evidence was adduced at the hearing to support the standards for granting a protective order.

## CONCLUSION

Therefore, we overrule Sermon's sole issue and affirm the trial court's default judgment.

August 25, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.